Serial: **259515**

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 89-R-99015-SCT

*IN RE: LOCAL RULES*

**FILED**

NOV 1 2 2025

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

### <u>EN BANC ORDER</u>

This matter is before the Court, *en banc*, on the Motion to Amend the Local Rules for the Fourth Circuit filed by the Circuit Court Judges for the Fourth Circuit Court District of Mississippi.

After due consideration, the Court finds that this motion should be granted.

IT IS, THEREFORE, ORDERED that the Motion to Amend the Local Rules for the Fourth Circuit filed by the Circuit Court Judges for the Fourth Circuit Court District of Mississippi is hereby granted. Those local rules for the Fourth Circuit Court District of Mississippi, attached as Exhibit A, are approved and effective upon entry of this Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall spread this Order upon the minutes of the Court and send a certified copy to West Publishing Company for publication in the advance sheets of *Southern Reporter, Third Series (Mississippi Edition)*, and in the next edition of the *Mississippi Rules of Court*.

SO ORDERED, this the 12th day of November, 2025.

_____
JAMES D. MAXWELL II, JUSTICE

ALL JUSTICES AGREE.

# EXHIBIT A

## LOCAL RULES FOR
## THE FOURTH CIRCUIT COURT DISTRICT OF MISSISSIPPI

### RULE 1. ASSIGNMENT OF CASES

**(a)** All Civil Cases filed ~~after May 25, 2006~~ in the Circuit Court of this District shall be assigned by the MEC ~~promptly after filing by the Senior Circuit Court Judge or their designee on a random basis that will assure the equal distribution of cases between the four judges so that no discernible pattern of assignment exists and that no person shall know to whom the case will be assigned until such time as this has been accomplished.~~

**(b)** Criminal cases shall be randomly assigned by the Senior Circuit Judge or their designee.

~~**(b)** The Circuit Clerk of each of the counties of this district shall promptly mail to the Senior Circuit Judge or their designee a notice of the filing and of all Civil Cases by use of a form made available by the Administrative Office of Courts. Process shall issue for Defendant upon the filing of the complaint in accordance with Rule 4, MRCP.~~

~~**(c)** After the cases have been randomly assigned, a number shall then be assigned to each case and summons issued bearing the appropriate designation of a judge as follows: The year in which the case is filed followed by the next sequential number followed in parenthesis by the initials of the name of the assigned Judge: (BWS) for Sanders; (H) for Hines; (CMC) for Carey McCray; and (RS) for Smith. Example: 2006 001CI (BWS).~~

~~**(d)** An original and one copy of the complaint and answer and any subsequent filing shall be filed with the Clerk, and said copies shall be forwarded by the Clerk to the judge to whom the case has been assigned.~~

~~**(e)** (1) A party filing an appeal from a county court or an administrative agency shall have 40 days from the date the record is filed with the clerk to file the Appellant's Brief. Appellee shall have 30 days from the date on which Appellant's Brief is due to file a Reply Brief. Appellant shall file any Rebuttal Brief within 14 days after the filing of Appellee's Reply Brief.~~

~~(2) The clerk shall keep track of all appeals and shall promptly transmit copies of the original Briefs to the judge to whom the case is assigned.~~

(3) Appellant's Brief and Appellee's Reply Brief shall not exceed fifteen (15) pages of 8 ½ x 11" paper. Appellant's Rebuttal Brief shall not exceed (5) pages.

(4) Any requests for extension of time shall be made in writing to the judge to whom the case is assigned. Extensions of time shall be granted only upon written order of the Court.

## RULE 2. TRIAL SETTINGS

(a) All Civil Cases shall be assigned by computer generated random assignment of judges based on pre-set percentages.

(a) Civil matters assigned in accordance with Rule 1(a) and Rule 2(a) will be scheduled for trial by agreement of counsel, in term time or otherwise, to insure the rapid disposition of the cases in accordance with the rules of discovery and time standards.

(b) Criminal cases are randomly assigned after arraignment. For criminal cases, a docket shall be published by each Court Administrator setting the criminal cases for trial.

(c) Both Civil and Criminal dockets shall be approved by the responsible judge before finally prepared and promulgated.

(d) If any attorney has a conflict, counsel must immediately notify the court administrator.

(e) In the event the Court Administrator is unable to resolve any conflict between attorneys in civil matters and between the defense attorney and the District Attorney in criminal matters, the respective judge shall resolve the conflict and set the case for trial.

\* \* \*

## RULE 4: MOTION PRACTICE

(a) **Applicability.** The provisions of this rule apply to all written motions filed in civil actions.

(b) **Filing; Proposed Orders**. The original of each motion, and all affidavits and other supporting documents shall be filed with the Clerk where the action is filed. The moving party at the same time shall mail two (2) copies thereof to the Judge presiding in the action at their home office mailing address.

A proposed Order shall accompany the court's copy of all motions not agreed to, the moving party shall submit two (2) orders, one (1) granting the motion and another denying the motion.

**(c)** **Responses.** The original of any response to the motion, all opposing affidavits, and other supporting documents shall be filed with the Clerk where the action is filed and any response to the motion and all objections shall be filed and copies distributed as provided in Paragraph (b) of this rule.

**(d)** **Memoranda; Documents Required With Motions to Dismiss or for Summary Judgment; Failure to Submit Required Documents**. At the time the motion is served, other than motions or applications which may be heard ex parte or those involving necessitous or urgent matters, counsel for movant shall mail to the Judge the original memorandum of authorities upon which he relies and pertinent portions of the pleadings filed in the case. Counsel for respondent shall submit the original memorandum of authorities in reply *including any affidavits, etc., in response to motions for summary judgment* and shall do so within ten (10) days after service of movant's memorandum. Counsel for movant desiring to submit a rebuttal memorandum may do so within five (5) days after the service of the respondent's memorandum. Any requests for extension of time shall be made in writing to the Judge before whom the motion is noticed. Memoranda submitted in connection with any dispositive motion shall be accompanied by separate proposed findings and conclusions.

**(e)** **Length of Memoranda**. Movant's Memorandum and Respondent's Reply Memorandum shall not exceed 25 pages, and Movant's Rebuttal Memorandum shall not exceed 15 pages. Memoranda and other submissions required by Paragraph (d), except as therein provided, are not to be filed with the Clerk's office.

**(f)** **Notice and Hearings.** All motions in which a hearing is requested before Judge Sanders shall be set and governed in accordance with the instructions on her website.

All motions shall be decided by the Court without a hearing or oral argument unless otherwise ordered by the Court on its own motion, or, in its discretion, upon written motion made by either counsel.

The scheduling of an evidentiary hearing or oral argument, where allowed, shall be set at such time and place as may suit the convenience of counsel and the judge assigned to the case. The Court may, in its discretion, hear oral argument by telephonic conference.

**(g)** **Urgent or Necessitous Matters.** Where the motion relates to an urgent or necessitous matter, counsel for the movant shall, prior to the filing of the motion, contact the Court Administrator, and arrange a definite time and place for the hearing of the motion. In such cases, counsel for movant shall endorse upon the motion a separate certificate giving notice to the other parties of the time and place fixed by the Court for hearing of the motion.

The court, upon receipt of the motion, may, at its own discretion, direct counsel as to the submission of memorandum of the authorities of the court's questions.

**(h)** **Services.** Movant and respondent shall serve copies of all motions, responses, and/or memoranda upon opposing counsel. Where service is by mail, three (3) days shall be added to the period prescribed in Paragraph (d) of this rule.

~~**(i)** **Court Reporters.** The floating court reporter shall be assigned to any special judge or judicial officer appointed to hear cases in this district.~~

**(i)** **Untimely Motions.** Any motion served beyond the motion deadline imposed in the scheduling order required by Rule 3, with the exception of in limine evidentiary motions, may be denied solely because the motion is served untimely.

**(j)** **Sanctions-Frivolous Motion or Opposition.** A patently frivolous motion or opposition to a motion on patently frivolous grounds may result in the imposition of appropriate sanctions, including the assessment of costs and attorneys' fees.

**(k)** **Sanctions-Unreasonable Delays.** Delays, or continuances, or waste of the court's time occasioned by the failure of a party to follow the procedures outlined in this rule may result in the imposition of appropriate sanctions, including assessments of costs and attorneys' fees.

**(l)** In this regard, counsel shall notify the assigned Judge immediately if a submitted motion is resolved by the parties or if the case in which the motion has been pending is settled.

**(m)** All pleadings shall, in addition to other requirements, clearly indicate the complete name, mailing address, telephone number and bar roll number of counsel filing same and shall be signed by the attorney. Any proposed order shall bear the name of the attorney submitting same.

\* \* \*

## RULE 10. PROCEDURE FOR APPOINTMENT OF COUNSEL FOR INDIGENT CRIMINAL DEFENDANTS

Pursuant to Rule 7.2(a)(1) of the Mississippi Rules of Criminal Procedure, the Court hereby establishes a procedure for the appointment of counsel for each indigent defendant entitled thereto.

5

**(a)** Order of Appointment. Upon notification that an indigent person is in need of appointed counsel, the Court[1] shall appoint an attorney and an order shall be entered to that effect in MEC and/or the court file. It is the policy of the Court that counsel for indigent defendants shall be appointed as soon as practicable after arrest. An attorney appointed to represent an indigent person shall remain counsel until withdrawal is granted and new counsel is substituted. *See* MRCrP Rule 7.2(d).

**(b)** Appointment of Public Defender. In counties that have a public defender system, the public defender shall represent all persons entitled to appointed counsel whenever authorized by law and able to do so. If the public defender cannot represent the defendant, a private attorney shall be appointed.

**(c)** Appointment of private attorneys.

**(1)** Appointments of private attorneys shall be made on an impartial and equitable basis. The appointments shall be distributed among the attorneys on a rotation system. Cases shall be assigned to attorneys of sufficient experience, skill, and competence to render effective assistance of counsel to defendants.

**(2)** The Court will maintain a court-appointed attorney list from which attorneys shall be appointed to represent indigent defendants. Attorneys may contact the Court Administrator and request that they be placed on, or removed from, the court-appointed list. The Court will make the court-appointed list of attorneys available upon request.

**(3)** The Court will generally attempt to appoint attorneys from the court-appointed attorney list on a rotational basis, subject to the Court's sole discretion to make exceptions due to:

    **(i)** the nature and complexity of the case;
    **(ii)** an attorney's experience;
    **(iii)** a conflict of interest;
    **(iv)** the availability of an attorney, taking into consideration an immediate need to address issues involved in the case;
    **(v)** geographical considerations;[2] and

---

[1] The "Court" as used in this rule is the municipal court, the justice court, or the circuit court.

[2] The Court may appoint an attorney who is in the closest geographical proximity to the Court before considering the appointment of another attorney in order to avoid the costs of travel time for attorneys and mileage expenses, for the convenience of the defendant in consulting with a local attorney, and for the convenience of the Court in scheduling cases.

6

**(vi)** other relevant factors that may be involved in a specific case.

**(4)** If the Court, in its sole discretion, varies from the rotational basis, it may appoint any qualified attorney, whether or not the attorney is on the court-appointed attorney list. If an attorney on the court-appointed attorney list is appointed outside the rotational basis established, that attorney's name shall be placed at the end of the rotation.

**(d)** Compensation. An attorney appointed to represent an indigent person is entitled to compensation for services rendered as provided by contract with the municipality or county or as provided by law.

**(e)** Expenses. As used herein the term "compensation for services" shall include any reasonable expenses necessarily incurred by appointed counsel in defense of an indigent client, including fees and expenses of expert or professional persons, provided that the incurring of such expenses has been approved in advance by the judge presiding, with approval within the sound discretion of the Court.